**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN GERHOLT,** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | No. 20-cv-4079 |
| : | |
| **JOHN WETZEL,** *et al.* : | |
|     **Defendants.** : | |

**MEMORANDUM**

**Joseph F. Leeson, Jr.**                                                                              **August 31, 2020**
**United States District Judge**

*Pro se* Plaintiff John Gerholt, a convicted inmate incarcerated at SCI-Phoenix, has filed a civil action in which he names as Defendants Pennsylvania Secretary of Corrections John Wetzel, SCI-Phoenix Warden K. Soben, SCI-Phoenix contractual medical provider "Well Path (aka) Correct Care Solutions," Department of Corrections Director of Policy Stephen St. Vincent, SCI-Phoenix Correctional Facility Manager David A. Thomas, Jr., SCI-Phoenix grievance official Ms. G. Orlando, and SCI-Phoenix employee C. Steffenio. Each Defendant is sued in their official and individual capacities. Gerholt has also moved to proceed *in forma pauperis*. For the following reasons, the motion to proceed *in forma pauperis* will be granted and the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) in part with prejudice and in part without prejudice.

**I.    FACTUAL ALLEGATIONS**

Gerholt's allegations are brief and straightforward. He asserts that he injured his index finger on January 30, 2020 when he attempted to grab hold of a closing cell door and the finger

was caught in a pinch point. ECF No. 2 at 7.[1] He received treatment at the prison medical triage unit where his index finger was x-rayed. *Id.* Thereafter he was treated under an "alternative treatment" plan that, he alleges in conclusory terms, caused him unnecessary pain and suffering. *Id.*

Gerholt filed a grievance about his injury and alleges that prison officials acted "arrogantly" in adjudicating his complaint. *Id.* at 7-8. He asserts Defendant Soben twice denied his grievance even though, as Gerholt characterizes it, Defendant Steffenio "entered a disposition admitting the incident and apologized for [Gerholt's] injury suffering and pain."[2] *Id.* at 8. Defendant Orlando allegedly denied his grievance without conducting any fact finding. *Id.* at 18. Despite the "apology," Defendant Steffenio also denied his grievance. *Id.*

Defendant Wetzel allegedly failed to warn of the risk of injury from pinch points because he acted "upon a snap decision" to transfer prisoners from SCI-Graterford to SCI-Phoenix when the former institution was closing and construction of the new institution was not complete. *Id.* at 16. Defendants Soben, St. Vincent, and Thomas allegedly knew about the defective condition due to their supervisory positions at the institution and failed to act. *Id.* at 16-18. Finally,

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.
[2] Gerholt attached a copy of Steffenio's written grievance disposition to his Complaint. Steffenio stated:

> Mr. Gerholt, I am sorry that you hurt yourself. You should continue to see medical if you have problems. After reviewing your grievance, I have determined that your injury was caused by an unsafe act. You should not have tried to grab a moving door by the door edge. If it was closing too fast, you should have let it go for your own protection.
> In your note you state it is required by law to have a pinch point sign on the door. It is "not" a law that a pinch point sign is required on doors.

ECF No. 2 at 26.

Defendant Well Path allegedly refused to provide Gerholt with physical therapy for his injury. *Id.* at 17. He asserts that the alternative treatment plan constituted deliberate indifference to his injury. *Id.*

Gerholt asserts claims under the Eighth and Fourteenth Amendments. *Id.* at 5-6. He seeks money damages of $50,000 from each defendant for "medical deliberate indifference" and cruel and unusual punishment. *Id.* at 6, 19. He also seeks punitive damages. *Id.* at 19.

## II. STANDARD OF REVIEW

Because Gerholt is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Gerholt is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Gerholt's Complaint cites 42 U.S.C. § 1983 as the basis for the Court's subject matter jurisdiction over his claims. That section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

---

[3] Because Gerholt is a prisoner, under the terms of the Prison Litigation Reform Act he is still required to pay the filing fee in full in installments.

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Eighth Amendment Claim

Gerholt asserts that the lack of a warning sign at the pinch point of the door where he injured his finger violates his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). These claims typically include both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Bell*, 441 U.S. at 538-39, 539 n.20). In general, a prisoner must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 295, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Additionally, to establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the

4

minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (stating that the Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials provide "humane conditions of confinement."). Such necessities include food, clothing, shelter, medical care and reasonable safety. *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000).

Gerholt's allegations about the presence of a pinch point in the door – and the failure to warn inmates about the hazard by posting a sign – fails to meet the objective component of the Eighth Amendment analysis. The fact that pinch points exist in doorways is part of everyday human experience and is not unique to a prison environment. The failure to warn about the risk that one can get a finger caught in a closing door is not an objectively serious deprivation that can support a plausible constitutional claim. Deliberate indifference is something more than negligence, even if it need not be purposeful harm. *See Farmer*, 511 U.S. at 836. Thus, a mere accident or even negligence does not constitute deliberate indifference because it lacks a sufficiently penal-like intent. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as a wanton infliction of unnecessary pain."); *accord Wilson*, 501 U.S. at 301 ("The infliction of punishment is a deliberate act intended to chastise or deter. . . . If a guard accidentally stepped on a prisoner's toe and broke it, this would not be punishment in anything remotely like the accepted meaning of the word[.]" (internal edits, quotation marks, and citations omitted)). Because the Eighth Amendment claim is not plausible it must be dismissed.

### B. Claims Based on Grievance Process

Gerholt asserts claims against Defendants Soben, Steffenio and Orlando based upon their roles in the prison grievance process. These claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Constitutional claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, the facts alleged by Gerholt about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

### C. Official Capacity Claims

The claims for money damages Gerholt asserts against the Commonwealth officials in their official capacities may not proceed. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court.

D. **Claim Against Well Path**

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer*, 511 U.S. at 835. A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

The Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)). Rather, in

7

order to hold a private health care company like Well Path liable for a constitutional violation under § 1983, Gerholt must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]."  *Natale*, 318 F.3d 575, 583-84 (citing *Bd. of the Cty. Comm'rs of Bryan Cty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, Civ. A. No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted).

      Gerholt concedes that he received treatment when he suffered his finger injury, and only complains that the treatment plan is inadequate because he has not received physical therapy.  This allegation, standing alone, is insufficient to state a plausible constitutional claim against Well Path.  Gerholt has not alleged that Well Path maintains a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.  Neither has he provided sufficient allegations to show that he has a serious medical need.  For example, while Gerholt states his finger was x-rayed, he does not allege if the x-ray showed he was actually injured, the specific injury he allegedly suffered, the content of the treatment plan Well Path approved for him, how that treatment plan was inadequate, or whether he required medically prescribed treatment that Well Path refused to provide.  While Gerholt asserts that Well Path's "deliberate indifference is well documented even to the point they refuse to conduct further treatment or even follow up care and treatment," ECF No. 2 at 17, such conclusory allegations cannot support a plausible deliberate indifference claim.  *Iqbal*, 556 U.S. at 678.

The Court cannot, however, state at this time that Gerholt can never assert a plausible claim against Well Path or an individual medical provider whose actions could constitute deliberate indifference to a serious medical need. Accordingly, the claim against Well Path will be dismissed without prejudice and with leave granted to Gerholt to file an amended complaint if he can cure the defects the Court has identified.

## IV.    CONCLUSION

For the reasons stated, Gerholt's Complaint is dismissed. Because any amendment of the Eighth Amendment claims against the individual defendants, the official capacity claims, and the grievance claims would be futile, the dismissal of those claims will be with prejudice and no leave to amend will be granted. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002); *see also Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). The Eighth Amendment claim against Well Path will be dismissed without prejudice and with leave to file an amended complaint if Gerholt can cure the defects the Court has identified.

                                                      **BY THE COURT:**


                                                      */s/ Joseph F. Leeson, Jr.*_____
                                                      **JOSEPH F. LEESON, JR.**
                                                      **United States District Judge**