UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GERHOLT,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     No. 2:20-cv-4079 |
| JOHN WETZEL, *et al.*<br>    Defendants. | :<br>:<br>: |

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                                                          November 5, 2020
**United States District Judge**

In a prior Opinion filed on August 31, 2020, *pro se* Plaintiff John Gerholt's initial Complaint in this case, alleging facts concerning an injury to his finger, was dismissed in part with prejudice and in part without prejudice on screening. *See* ECF No. 4 ("the August Opinion"). Gerholt was granted leave to proceed *in forma pauperis* and was granted leave to file an amended complaint with respect to the claims dismissed without prejudice.[1] Gerholt has now returned with an Amended Complaint ("AC"). *See* Am. Compl., ECF No. 8. Gerholt, a convicted inmate incarcerated at SCI-Phoenix, names as Defendants Pennsylvania Secretary of Corrections John Wetzel, "SCI-Medical Department," and SCI-Phoenix employees (John Doe) Steffenio, David A. Thomas, Sr., and Stephen St. Vincent.[2] Defendant Wetzel is named in his

---

[1]     The August Opinion, mailed on September 1, 2020, granted Gerholt thirty days to file his amended complaint. *See* ECF Nos. 4, 5. Gerholt failed to file by the due date and, in an Order filed on November 3, 2020, the case was dismissed for failure to prosecute. ECF No. 7. That same day, however, the Clerk received Gerholt's Amended Complaint. The Court will vacate the "failure to prosecute" order and screen the Amended Complaint under 28 U.S.C. § 1915.

[2]     In the original Complaint, Gerholt named "WellPath, also known as Correct Care Solutions," the private entity that contracts to provide medical services at SCI-Phoenix, as a Defendant. The claim against WellPath, based on an allegation that Gerholt had not received physical therapy for his finger injury, was dismissed in the August Opinion without prejudice because Gerholt has not alleged that WellPath maintained a custom or policy exhibiting

1
110420

individual capacity while Steffenio, Thomas and St. Vincent are named in their individual and official capacities. *See id.* at 4, 7, 9.³ For the following reasons, the AC will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     FACTUAL ALLEGATIONS**

Gerholt's allegations repeat those contained in the first version of his pleading. He asserts that he injured his index finger on January 30, 2020 when he attempted to grab hold of a closing cellblock door and the finger was caught in a pinch point. *See id.* at 3. He received treatment at the prison, including an x-ray. *See id.* Thereafter he was treated under an "alternative treatment" plan. *See id.*

Gerholt filed a grievance about his injury and treatment. *See id.* at 3, 5. He asserts that Defendant SCI-Medical Department exercised "medical deliberate indifferences to [his] medical needs, there never even was a follow-up examine, no progress reports no medication prescribed and/or renewed when the order expired." *See id.* at 5. Gerholt asserts his fingers "are bent [and] he can not obtain full range extension, the knuckle portions are very painful[], and it affects the quality of [his] life [because] he can not type or write appropriate without unnecessary pain. . . ." *See id.* He again alleges Defendant Wetzel violated his rights by making a too hasty decision to transfer inmates from SCI-Graterford to SCI-Phoenix before the new facility had passed safety inspections following a failed inmate escape attempt at Graterford. *See id.* at 6. He alleges Wetzel had personal knowledge and involvement in placing Gerholt in "a facility he knew or

---

deliberate indifference to a prisoner's serious medical needs. Although he was granted leave to amend that claim, Gerholt has not named WellPath as a Defendant in the AC. Accordingly, WellPath will be terminated as a Defendant.

³      The Court adopts the pagination supplied by the CM/ECF docketing system.

should have known was not fully inspected to prevent any pervasive risk situation of injury to plaintiff which eventually happened." *See id.*

Defendant Steffenio allegedly violated Gerholt's rights in the way he responded to Gerholt's grievance. *See id.* at 10. Steffenio allegedly had personal knowledge of the incident and apologized to Gerholt but "failed to enforce [Gerholt's] constitutional rights to be free from cruel and unusual punishment [when he] didn't not [sic] order the defective door fixed and denied to compensate [Gerholt] for the injury." *See id.* Defendant Thomas allegedly exhibited deliberate indifference to Gerholt's safety since, as he is "responsible for any and all maintenance at SCI-Phx he knew or should have known delicate pinch-point tags were required . . . where resident inmates resided also." *See id.* Gerholt asserts Defendant St. Vincent had a "duty responsibility which to ensure [Gerholt's] safety under the custody, care, control statutes which he violated having personal knowledge and involvement with the duty task and responsibility to maintain same." *See id.* at 11. Finally, Gerholt asserts that all named Defendants knew about the defect in the pinch point in the door, acted with deliberate indifference to his safety and health, failed to provide humane living conditions, and had no penological objective in placing him in SCI-Phoenix before inspections of the new facility had been completed. *See id.* at 12-13. He seeks money damages for his injury.

## II. STANDARD OF REVIEW

Because Gerholt has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the AC if it fails to state a claim. Whether an amended complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the AC contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *See id.* As Gerholt is proceeding *pro se*, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Gerholt's AC alleges violations of the Eighth Amendment. The vehicle by which one may bring a constitutional claim in federal court is 42 U.S.C. § 1983. That section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Based on Grievance Process

The Court previously dismissed with prejudice all claims Gerholt asserted based on the handling of his grievance. *See* August Opinion 6. To the extent Gerholt has reasserted claims against Defendant Steffenio based on his role in the prison grievance process, the claim is again dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) since "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x

4

774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam).

B.  **Official Capacity Claims**

The Court previously dismissed with prejudice all official capacity claims Gerholt asserted in the original Complaint. *See* August Opinion 6. The claims for money damages Gerholt asserts in the AC against Defendants Steffenio, Thomas and St. Vincent in their official capacities may not proceed for the same reasons previously explained to Gerholt, namely that the Eleventh Amendment bars suits against a state, its agencies, and state officials sued in their official capacities in federal court when those claims seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, the official capacity claims are again dismissed with prejudice.

C.  **Claim Against SCI-Medical Department**

Gerholt asserts that Defendant SCI-Medical Department was deliberately indifferent to his medical needs because, although he concedes he was treated for his finger injury, he never received a follow-up exam or progress report, and no medication was prescribed "and/or renewed when the order expired."[4] Am. Compl. 5. The United States Court of Appeals for the Third Circuit has made clear that a prison medical department is not a "person" for purposes of § 1983 liability. *Ruff v. Health Care Adm'r*, 441 F. App'x 843, 845-46 (3d Cir. 2011) (citing

---

[4] Although the allegation that no medication was prescribed is inconsistent with the allegation that that the prescribed medication was not renewed when it expired, the Court construes the allegations liberally and accepts both allegations as true for purposes of screening.

*Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir.1973) (per curiam)). Accordingly, Gerholt's claim against SCI-Medical Department is dismissed with prejudice.

D. **Eighth Amendment Individual Capacity Claims**

Gerholt again asserts claims against Defendants Wetzel, Steffenio, Thomas and St. Vincent based on the existence of the pinch point of the door where he injured his finger, the lack of a warning sign about the danger, and his transfer to SCI-Phoenix while that condition existed. He asserts these Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and were deliberately indifferent to a dangerous condition. As the Court previously explained to Gerholt in the August Opinion, claims under the Eighth Amendment, which governs challenges to conditions of confinement brought by convicted inmates, *see Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005), typically include both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *See id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Bell*, 441 U.S. at 538-39, 539 n.20). For the subjective component, a prisoner must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 295, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Gerholt's allegations in the AC about the presence of a pinch point in the cellblock door, the lack of warnings, and his transfer to SCI-Phoenix while that condition existed, again fail to

6

meet the objective component of the Eighth Amendment analysis. As this Court previously held, the fact that pinch points exist in doorways is part of everyday human experience, is not unique to a prison environment, and the failure to warn about the risk that one can get a finger caught in a closing door is not an objectively serious deprivation that can support a plausible constitutional claim. *See* August Opinion 5. Deliberate indifference is something more than negligence, even if it need not be purposeful harm. *See Farmer*, 511 U.S. at 836. Thus, a mere accident or even negligence—which is what Gerholt has alleged occurred here—does not constitute deliberate indifference because it lacks a sufficiently penal-like intent. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as a wanton infliction of unnecessary pain."); *accord Wilson*, 501 U.S. at 301 ("The infliction of punishment is a deliberate act intended to chastise or deter. . . . If a guard accidentally stepped on a prisoner's toe and broke it, this would not be punishment in anything remotely like the accepted meaning of the word[.]" (internal edits, quotation marks, and citations omitted)). Because the Eighth Amendment claim is not plausible it must be dismissed.

## IV. CONCLUSION

For the reasons stated, Gerholt's Amended Complaint is dismissed in its entirety. Having already afforded Gerholt the opportunity to amend his Eighth Amendment claims if he was able to cure the defects the Court identified in his original Complaint, and Gerholt having failed to do so, the dismissal of all claims against all Defendants is with prejudice as any further attempt at amendment would prove futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002); *see also Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.* _____
**JOSEPH F. LEESON, JR.**
**United States District Judge**